IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BILLY J. KAIN, JR.                                                                                          PLAINTIFF

v.                                         Civil No. 6:17-cv-06037

CORRECT CARE SOLUTIONS, *et. al.*                                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is a Motion to Revoke Plaintiff's IFP status by Defendants Beasley, Correct Care Solutions, Gifford, Goldman, Stieve, and Vowell. (ECF No. 55).

The IFP statute, 28 U.S.C. § 1915, was amended by the Prison Litigation Reform Act (PLRA). A provision, § 1915(g), was added that limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff filed his first Complaint for this case in the Eastern District of Arkansas on March 13, 2017. (ECF No. 2). He filed an Amended Complaint on April 5, 2017. (ECF No. 5). The

case was transferred to this District on April 6, 2017. (ECF No. 7). In his Amended Complaint, Plaintiff alleged he was diagnosed with Chrohn's disease, an inflammatory bowel condition, in 1988. (ECF No. 5 at 6). He alleged Defendant Vowell, a physician employed by Correct Care Solutions, told him he did not have Chrohn's disease and terminated his corresponding prescription for dicyclomine on January 19, 2017. (ECF No. 5 at 7-9). He further alleged he was being denied a knee replacement for his right knee. (ECF No. 5 at 9).

Based on the allegations on the Amended Complaint, Plaintiff was granted IFP status on May 17, 2017. (ECF No. 12). At the time of the grant, Plaintiff had at least three prior actions which qualified as strikes against him. *See Kain v. Banks*, No. 2:05CV00019JMM (E.D. Ark. Feb. 10, 2005) (citing seven prior cases by Plaintiff which had been dismissed as frivolous and for failure to state a claim). (ECF No. 6). Thus, as a three-striker, Plaintiff could proceed IFP only if he had sufficiently alleged he was in imminent danger of physical harm. Out of an abundance of caution, the Court permitted him to proceed IFP due to his allegation that he had Chrohn's disease, an inflammatory bowel condition, and his medication for it (dicyclomine) had been abruptly terminated. (ECF No. 12).

Plaintiff was subsequently permitted to file a Second Amended Complaint (ECF No. 17), and was then directed to file a Third Amended Complaint to cure deficiencies in the Second Amended Complaint. (ECF No. 20). Plaintiff did so on September 5, 2017. (ECF No. 22). In his Third Amended Complaint, Plaintiff repeated the allegations that he had Chrohn's disease, and, as a result of being denied the medication dicyclomine, he was in pain and his life was "endangered." (ECF No. 22 at 6). Plaintiff also alleged he was being denied knee replacement surgery for his right knee and as a result he suffered "excruciating pain trying to walk on it." (ECF No. 22 at 6).

On November 16, 2017, the undersigned entered a Report and Recommendation to address Plaintiff's several motions for preliminary injunctive relief concerning his right knee and Chrohn's disease. The Report recommended denial of the Motions. (ECF No. 44). Relevant to the IFP analysis, the Report noted that Plaintiff had not alleged that he received any of the classes of drugs which are used for moderate to severe cases of Chrohn's. Additionally, it noted that Chrohn's disease and osteoarthritis of the knee are, by medical definition, chronic rather than acute conditions, which did not merit the extreme remedy of injunctive relief. (ECF No. 44 at 5-6). Plaintiff objected on December 1, 2017. (ECF No. 49). On December 18, 2017, the Honorable Susan O. Hickey entered an Order adopting the Report and Recommendation and denying Plaintiff's Motions. (ECF No. 66).

On December 7, 2018, in response to the Report and Recommendation's conclusion that Plaintiff's claims did not qualify for injunctive relief, Defendants Beasley, Correct Care Solutions, Gifford, Goldman, Stieve, and Vowell filed a Motion to Revoke Plaintiff's IFP status in this case. (ECF No. 55). Defendants noted that Plaintiff had originally filed this case on March 13, 2017, in the Eastern District of Arkansas before it was transferred to this District. They note Plaintiff subsequently filed a separate action in the Eastern District concerning his Crohn's disease on May 1, 2017. (ECF No. 55 at 2). Defendants state he was denied IFP status in the Eastern District case because he had not plead sufficient facts to allege he was in imminent danger of serious physical injury.

The Court has now reviewed the Eastern District case referenced by the Defendants: *Kain v. Correct Care Solutions*, No. 1:17-cv-00031-DPM (E.D. Ark. July 17, 2017). Defendants correctly argue that Plaintiff was denied IFP status.[1] In his Complaint for this case, Plaintiff alleges

---

[1] *Kain*, No. 1:17-cv-00031-DPM at ECF No. 3.

3

the Defendants were "issuing Petitioner medication (Dicyclomine) for **Crohn's Disease he doesn't have**."[2] He further alleges the dicyclomine was "causing damage to Petitioners body or injuring it."[3] Thus, in the Eastern District case, which he filed approximately six weeks after the initial Complaint in the case before this Court, Plaintiff alleges he does *not* have Crohn's disease, is being forced to take dicyclomine, and the forced administration of dicyclomine is causing him bodily damage. (ECF No. 6).

On April 30, 2018, Plaintiff filed another Motion for Preliminary Injunction. (ECF No. 83). In this Motion, Plaintiff alleges that on April 12, 2018, "while in the Gym playing basketball" his knee "popped out of place" and he fell. (ECF No. 83 at 2). Thus, despite Plaintiff's earlier allegations of suffering "excruciating pain" merely in attempting to walk on his right knee, and of being in pain from the denial of dicyclomine for his Chrohn's disease, which endangers his life, he then states he was sufficiently fit to play basketball on April 12, 2018.

Depending on whether one utilizes Plaintiff's allegations in this case or in his Eastern District case, Plaintiff either does not have Chrohn's disease or suffers only from a mild case. Plaintiff is clearly not in imminent danger of physical harm from the denial of dicyclomine for his mild or nonexistent Chrohn's disease. Nor is he suffering incapacitating pain from his right knee, as he alleged he felt physically well enough to play basketball. It is, therefore, evident that the Court's caution in granting IFP status was misplaced, and Plaintiff's IFP status was improvidently granted.

Accordingly, I recommend the Motion to Revoke Plaintiff's IFP status by Defendants Beasley, Correct Care Solutions, Gifford, Goldman, Stieve, and Vowell (ECF No. 55) be **GRANTED** and Plaintiff's IFP status be **REVOKED**.

---

[2] *Kain*, No. 1:17-cv-00031-DPM at ECF No. 2, pp. 5, 6 (capitalization in original) (emphasis added).
[3] *Kain*, No. 1:17-cv-00031-DPM at ECF No. 2 at 6.

I further Recommend the Plaintiff be given thirty (30) days to pay the filing fee of $ 350.00 in this matter. Should Plaintiff fail to pay the filing fee in full within that time period this case should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

**Dated** this 14th day of May 2018.

/s/ Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE