IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BILLY J. KAIN, JR.                                                                      PLAINTIFF

v.                              Case No. 6:17-cv-6037

CORRECT CARE SOLUTIONS, *et al.*                                        DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed May 14, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 89). Judge Bryant recommends that the Court grant Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis Status*. Plaintiff Billy J. Kain, Jr. filed objections to the Report and Recommendation. (ECF No. 91). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On March 13, 2017, Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights from January 10, 2017, through August 1, 2017, while he was incarcerated in the Arkansas Department of Correction – Ouachita River Unit. Specifically, Plaintiff alleges that Defendants denied him the medicine dicyclomine for his Crohn's Disease[1] and that Defendants denied him knee replacement surgery, which an outside physician prescribed.

On May 17, 2017, the Court granted Plaintiff *in forma pauperis* ("IFP") status. (ECF No. 12). Plaintiff was a "three striker" under the Prison Litigation Reform Act at the time he filed this

---

[1] "Crohn's Disease is an inflammatory bowel disease (IBD). It causes inflammation of the lining of [the] digestive tract, which can lead to abdominal pain, severe diarrhea, fatigue, weight loss and malnutrition." *Cook v. Colvin*, No. 15-4145-CV-C-REL-SSA, 2016 WL 4639186, at *3 n.1 (W.D. Mo. Sept. 6, 2016). "Dicyclomine relieves spasms of the muscles in the stomach and intestines." *Roam v. Colvin*, No. 2:12-cv-2256-JRM, 2013 WL 6048756, at *3 (W.D. Ark. Nov. 15, 2013).

action.[2]  Based on Plaintiff's allegations that he was being denied treatment for his Crohn's Disease, and out of an abundance of caution, the Court found that Plaintiff satisfied the "imminent danger" exception to the PLRA's "three strike" rule.  Accordingly, the Court granted Plaintiff IFP status.

On December 7, 2017, Defendants filed a Motion to Revoke Plaintiff's *In Forma Pauperis Status*.  (ECF No. 55).  Defendants argue that on May 1, 2017—after Plaintiff filed this suit—he filed a separate suit regarding his Crohn's Disease in the United States District Court for the Eastern District of Arkansas[3] (the "Eastern District case").   Defendants assert that the court in the Eastern District case found that Plaintiff had not pleaded sufficient facts to allege imminent danger of serious physical injury, and thus denied his motion to proceed IFP.  Defendants also point out that, on several occasions, the Court has denied Plaintiff's motions for injunctive relief, finding that Plaintiff's Crohn's Disease and knee condition are chronic conditions, and thus are not the type of medical conditions that merit the extreme remedy of injunctive relief.  Defendants state that the Court's rulings on the motions for injunctive relief seem to be at odds with the Court's previous finding that Plaintiff's allegations regarding Crohn's Disease presents an "imminent danger of serious physical injury."  Defendants ask the Court to revisit the issue of Plaintiff's IFP status and revoke the same, in light of the Eastern District case's contrary decision regarding Plaintiff's IFP status and in light of the Court's more recent findings regarding the chronic nature of Plaintiff's conditions.

On May 14, 2018, Judge Bryant issued the instant Report and Recommendation,

---

[2] Generally, a prisoner may not bring an action IFP if he "has on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  An exception to this rule exists if a "three striker" prisoner brings an action while "under imminent danger of serious physical injury."  *Id.*

[3] *Kain v. Correct Care Solutions*, 1:17-cv-0031-DPM (E.D. Ark. May 1, 2017).

recommending that the Court grant Defendants' motion and revoke Plaintiff's IFP status, thereby giving him thirty days to pay the full filing fee or face dismissal of this case without prejudice.[4] Specifically, Judge Bryant finds that after reviewing the Eastern District case, Plaintiff pled in that case that the defendants were unnecessarily issuing him the medicine dicyclomine for "Crohn's Disease he doesn't have," and that the medicine was damaging his body. Judge Bryant also notes that in this case, Plaintiff filed a motion on April 30, 2018, in which he states that his knee popped out of place on April 12, 2018, while he was playing basketball. Judge Bryant notes that despite Plaintiff's earlier allegations that he suffers "excruciating pain" from merely attempting to walk and from being denied the medicine dicyclomine for his Crohn's Disease, his April 30, 2018, motion indicates that he was sufficiently fit enough to play basketball in early April 2018. Judge Bryant finds that Plaintiff either does not have Crohn's Disease or suffers only from a mild case, and that he is clearly not suffering incapacitating pain from his knee. Judge Bryant concludes that Plaintiff is not in imminent danger of physical harm related to the treatment of Crohn's Disease or his knee condition, and that the Court improvidently granted him IFP status at the beginning of this case. Accordingly, Judge Bryant recommends that the Court revoke Plaintiff's IFP status and require him to pay the full filing fee or face dismissal of this case. On May 30, 2018, Plaintiff filed objections to the Report and Recommendation.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

Plaintiff's objections are largely unresponsive to the Report and Recommendation, as they

---

[4] Defendants' motion also suggests that the Court should also require Plaintiff to pay the cost of service if his IFP status is revoked. Judge Bryant makes no reference to this suggestion, which the Court construes as his recommendation that the Court not take this suggested course of action.

contain a lengthy recitation of his medical treatment history while incarcerated and appear to argue that Defendants acted with deliberate indifference to his serious medical needs. However, a portion of Plaintiff's objections discuss the findings of the Report and Recommendation. The Court will address these responsive, specific objections.

Plaintiff concedes that in the Eastern District case, he alleged that he was being given medication for Crohn's Disease that he did not have. However, Plaintiff states that he did so as part of a strategy by which he hoped to cause the defendants to concede that he indeed had Crohn's Disease. He also appears to state that he was merely repeating what doctors told him in an effort to show their state of mind. Plaintiff also argues that a prisoner may utilize the "imminent harm" exception to the "three strikes" rule with allegations that he is in danger of serious harm due to failure to properly treat a chronic condition. Plaintiff states that he has been diagnosed with Crohn's Disease, which is a serious medical condition. Plaintiff states further that his allegations that Defendants stopped giving him the medicine dicyclomine for his Crohn's Disease are sufficient to meet the "imminent harm" exception. Plaintiff concludes that the Court should allow him to keep his IFP status in this case.

As Plaintiff correctly notes, otherwise ineligible "three strikers" may proceed IFP if they are under "imminent danger of serious physical injury." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). This finding is measured at the time the prisoner files the suit. *Id.*

Upon review of Plaintiff's various pleadings and the other subsequently filed documents and exhibits in this case, the Court finds that Plaintiff failed to allege sufficient facts to show that he was in imminent danger of serious physical harm from denial of medical treatment at the time he filed this suit. Plaintiff's initial complaint makes mutually exclusive allegations that Defendants are harming him by denying him the medicine dicyclomine to treat his Crohn's Disease and that

4

Defendants harmed him from 1997 until 2017 by unnecessarily giving him dicyclomine for Crohn's Disease that he never had. Plaintiff's initial complaint does not appear to allege with any level of specificity that he was under imminent danger of serious physical harm from denial of medical treatment. Furthermore, his initial complaint asks the Court to order Defendants to take him to undergo a physical examination to determine whether he has Crohn's Disease and, if he does not, to determine what damage has been done to his body by unnecessarily taking the medicine dicyclomine. (ECF No. 3, p. 18). In the same complaint, Plaintiff requests damages from Defendant Correction Medical Services for misdiagnosing him with Crohn's Disease in 1995.

Plaintiff's allegations about not having Crohn's Disease and the requested relief in Plaintiff's initial complaint contradict his allegations that he has Crohn's Disease and his current argument that he showed that he was in imminent danger of serious physical harm from the denial of the medicine dicyclomine to treat his Crohn's Disease. Plaintiff's initial complaint raises at least the possibility that he does not have Crohn's Disease at all and that the harm he was suffering, caused by unnecessarily taking the medicine dicyclomine, ceased prior to the initiation of this action when Defendants stopped providing him dicyclomine. As a result, the Court cannot find that Plaintiff sufficiently pled facts to show that he was in imminent danger of serious physical harm at the time he filed this suit.

Even if the Court credits Plaintiff's explanation of why he alleged—both in this case and in the Eastern District case—that he does not have Crohn's Disease and assumes *arguendo* that he does in fact have Crohn's Disease, he does not discuss Judge Bryant's finding that the record in this case indicates that Plaintiff has, at best, a mild case of Crohn's Disease, which is insufficient to satisfy the "imminent harm" exception. At most, Plaintiff states that his Crohn's Disease and knee condition interfere with his daily life. However, Plaintiff cites to no authority utilizing this

standard to meet the "imminent harm" exception. Plaintiff provides no evidence that he will suffer serious physical injury if he is not given the treatment he desires, and it appears that his condition has not worsened in the fifteen months after he filed this action, as he concedes that he was healthy enough to play basketball in April 2018.

The Court agrees with Judge Bryant's determination that the Court improvidently granted IFP status to Plaintiff at the beginning of this action. Accordingly, the Court agrees that Plaintiff's IFP status should be revoked.

### III. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation. (ECF No. 32). Accordingly, Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status (ECF No. 55) is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiff's *in forma pauperis* status is hereby **REVOKED**. Plaintiff must pay his full filing fee of $350.00 **within thirty (30) days of the date of this Order**. If Plaintiff fails to pay the full filing fee within this thirty-day period, his case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**, this 20th day of June, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge