IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BILLY J. KAIN, JR.                                                                                          PLAINTIFF

v.                                            Civil No. 6:17-CV-06037

CORRECT CARE SOLUTIONS, *et. al.*                                                     DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion for Leave to Appeal *in forma pauperis*. (ECF No. 97).

### I. BACKGROUND

Plaintiff is a "three-striker." *See Kain v. Banks*, No. 2:05CV00019JMM (E.D. Ark. Feb. 10, 2005) (citing seven prior cases by Plaintiff which had been dismissed as frivolous and for failure to state a claim). He was granted IFP status on May 17, 2017, out of an abundance of caution concerning his allegation that he had Crohn's disease, an inflammatory bowel condition, and had been abruptly denied the medication dicyclomine for the condition. (ECF No. 12). In his Third Amended Complaint, Plaintiff also alleged that he was being denied knee replacement surgery and as a result he suffered "excruciating pain trying to walk on it." (ECF No. 22 at 6).

1


On May 14, 2018, the Court entered a Report and Recommendation that Plaintiff's IFP status be revoked based on a case he had filed in the Eastern District of Arkansas[1] and Plaintiff's own subsequent filings in this case.  (ECF No. 89).  In the Eastern District case, which he filed approximately six weeks after the initial Complaint in the case before this Court, Plaintiff alleges he does *not* have Crohn's disease, is being forced to take dicyclomine, and the forced administration of dicyclomine is causing him bodily damage.  In a Motion for Preliminary Injunction, Plaintiff alleges that on April 12, 2018, "while in the Gym playing basketball" his knee "popped out of place" and he fell.  (ECF No. 83 at 2).  Thus, despite Plaintiff's earlier allegations of suffering "excruciating pain" merely in attempting to walk on his right knee, and of being in pain from the denial of dicyclomine for his Chrohn's disease, which endangers his life, he then states he was sufficiently fit to play basketball on April 12, 2018.  Based on these allegations, this Court stated:

> Depending on whether one utilizes Plaintiff's allegations in this case or in his Eastern District case, Plaintiff either does not have Chrohn's disease or suffers only from a mild case.  Plaintiff is clearly not in imminent danger of physical harm from the denial of dicyclomine for his mild or nonexistent Chrohn's disease.  Nor is he suffering incapacitating pain from his right knee, as he alleged he felt physically well enough to play basketball.  It is, therefore, evident that the Court's caution in granting IFP status was misplaced, and Plaintiff's IFP status was improvidently granted.

(ECF No. 89 at 4).  Plaintiff filed his Objection to the Report and Recommendation. (ECF No. 91).

The Report and Recommendation was adopted on June 20, 2018, revoking Plaintiff's IFP status.  (ECF No. 94).  In doing so, Judge Hickey stated:

> Even if the Court credits Plaintiff's explanation of why he alleged—both in this case and in the Eastern District case—that he does not have Crohn's Disease and assumes *arguendo* that he does in fact have Crohn's Disease, he does not discuss Judge Bryant's finding that the record in this case indicates that Plaintiff has, at

---

[1] *Kain v. Correct Care Solutions*, No. 1:17-cv-00031-DPM (E.D. Ark. July 17, 2017).

best, a mild case of Crohn's Disease, which is insufficient to satisfy the "imminent harm" exception. At most, Plaintiff states that his Crohn's Disease and knee condition interfere with his daily life. However, Plaintiff cites to no authority utilizing this standard to meet the "imminent harm" exception. Plaintiff provides no evidence that he will suffer serious physical injury if he is not given the treatment he desires, and it appears that his condition has not worsened in the fifteen months after he filed this action, as he concedes that he was healthy enough to play basketball in April 2018.

(*Id*. at 5-6).

## II. LEGAL STANDARD

28 U.S.C. § 1915 governs applications for leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(1) provides:

> . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

### III. ANALYSIS

As discussed in the Report and Recommendation and in the Order adopting same, Plaintiff is a "three-striker" and is not entitled to proceed IFP. The revocation of Plaintiff's IFP status was based on the inconsistent allegations he made in both this and the Eastern District case. Plaintiff had an opportunity to explain these conflicting allegations in his Objection to the Report and Recommendation, and his objections were thoroughly considered, and rejected, in Judge Hickey's Order adopting the Report and Recommendation. As such, Plaintiff's appeal is frivolous and, therefore, not taken in good faith.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 97) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of July 2018.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4