IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BILLY J. KAIN, JR.                                                                    PLAINTIFF

v.                              Case No. 6:17-cv-6037

CORRECT CARE SOLUTIONS, *et al.*                                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed July 2, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 99). Judge Bryant recommends that the Court deny Plaintiff Billy J. Kain, Jr.'s Motion to Appeal *In Forma Pauperis*. Plaintiff filed objections to the Report and Recommendation. (ECF No. 101). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On March 13, 2017, Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights from January 10, 2017, through August 1, 2017, while he was incarcerated in the Arkansas Department of Correction – Ouachita River Unit. Specifically, Plaintiff alleges that Defendants denied him the medicine dicyclomine for his Crohn's Disease[1] and that Defendants denied him knee replacement surgery, which an outside physician prescribed.

Plaintiff was a "three striker" under the Prison Litigation Reform Act at the time he filed

---

[1] "Crohn's Disease is an inflammatory bowel disease (IBD). It causes inflammation of the lining of [the] digestive tract, which can lead to abdominal pain, severe diarrhea, fatigue, weight loss and malnutrition." *Cook v. Colvin*, No. 15-4145-CV-C-REL-SSA, 2016 WL 4639186, at *3 n.1 (W.D. Mo. Sept. 6, 2016). "Dicyclomine relieves spasms of the muscles in the stomach and intestines." *Roam v. Colvin*, No. 2:12-cv-2256-JRM, 2013 WL 6048756, at *3 (W.D. Ark. Nov. 15, 2013).

this action.[2]  Based on Plaintiff's allegations that he was being denied treatment for his Crohn's Disease, and out of an abundance of caution, the Court found that Plaintiff satisfied the "imminent danger" exception to the PLRA's "three strike" rule.  Accordingly, the Court granted Plaintiff IFP status.  (ECF No. 12).

On May 14, 2018, Judge Bryant issued the instant Report and Recommendation, recommending that the Court grant Defendants' motion to revoke Plaintiff's IFP status, thereby giving him thirty days to pay the full filing fee or face dismissal of this case without prejudice.  On May 30, 2018, Plaintiff filed objections to the Report and Recommendation.  On June 20, 2018, the Court overruled Plaintiff's objections and adopted Judge Bryant's Report and Recommendation, thereby revoking Plaintiff's IFP status and ordering him to pay the full filing fee in this case within thirty days or face dismissal of the case.  (ECF No. 94).  In doing so, the Court noted that Plaintiff's initial complaint raised contradictory allegations regarding Crohn's Disease, specifically, that Defendants are harming him by presently denying him the medicine dicyclomine to treat his Crohn's Disease and that Defendants harmed him from 1997 until 2017 by unnecessarily giving him dicyclomine for Crohn's Disease that he never had.  Based on these mutually exclusive allegations, the Court found that Plaintiff had not sufficiently alleged facts to satisfy the "imminent harm" exception to allow him to proceed IFP.

On July 2, 2018, Plaintiff filed a notice of appeal, indicating that he is appealing the Court's June 20, 2018, order revoking his IFP status.  That same day, Plaintiff filed a motion for leave to appeal IFP.  (ECF No. 97).  On July 2, 2018, Judge Bryant issued the instant Report and

---

[2] Generally, a prisoner may not bring an action IFP if he "has on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  An exception to this rule exists if a "three striker" prisoner brings an action while "under imminent danger of serious physical injury."  *Id.*  This finding is measured at the time the prisoner files the suit.  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Recommendation, recommending that the Court deny Plaintiff's motion for leave to appeal IFP. Specifically, Judge Bryant found that the appeal is frivolous and would not be taken in good faith because the Court has already determined that Plaintiff's initial IFP status was improvidently granted and that Plaintiff is not entitled to proceed IFP. Judge Bryant noted that Plaintiff had an opportunity to explain his conflicting allegations when objecting to the Report and Recommendation dated May 14, 2018, and that the Court considered and rejected his objections. On July 16, 2018, Plaintiff filed objections to the instant Report and Recommendation.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Appellate review is not made in good faith when a litigant seeks review of issues that are frivolous when viewed from an objective standard." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Plaintiff argues that he has satisfied the "imminent danger" exception and should be allowed to proceed IFP because he alleged that he is being denied treatment for his Crohn's Disease, which courts in nonbinding jurisdictions have deemed to be an ongoing, chronic illness. Plaintiff reiterates his explanation that he alleged in his initial complaint that he did not have Crohn's Disease as part of a strategy by which he hoped to cause Defendants to admit that he does, in fact, have Crohn's Disease. Plaintiff also argues that he has satisfied the "imminent danger" exception by alleging that his untreated knee has caused him to suffer two physical injuries, one of which allegedly occurred in June 2017.[3]

---

[3] Plaintiff's objections do not detail the other alleged injury caused by his knee.

3

As an initial matter, the Court finds that Plaintiff's request for leave to appeal IFP (ECF No. 97) fails because it does not conform with the requirements of the PLRA. A prisoner seeking leave to appeal IFP must file an affidavit that includes a statement of all assets the prisoner possesses, the nature of the appeal, and the prisoner's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). A valid affidavit is signed, attested before a notary public, and bears a notary's seal.[4] *Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir. 2008). Although Plaintiff's motion for leave to appeal IFP is signed and states that he seeks to appeal the Court's June 20, 2018, order and that he believes he is entitled to redress, the motion does not include a statement of all of Plaintiff's assets, it is not attested before a notary public, and bears no notary's seal. Thus, the Court finds that Plaintiff's motion does not constitute or include a valid affidavit and, as such, his motion fails to conform to the PLRA's requirements for requesting leave to proceed IFP. Accordingly, the Court finds that Plaintiff's motion should be denied. However, even assuming *arguendo* that Plaintiff's failure to attach an affidavit to his motion is not fatal to his request, the Court finds that the motion should nonetheless be denied for the following reasons.

As the Court stated in its June 20, 2018, order revoking Plaintiff's IFP status, the finding of whether he satisfied the "imminent harm" exception must be measured at the time he filed the lawsuit. *See Ashley*, 147 F.3d at 717. The Court has previously found that Plaintiff's allegations in his initial complaint failed to satisfy the "imminent harm" exception because he made mutually exclusive allegations that he both has and does not have Crohn's Disease. Plaintiff's initial complaint raises at least the possibility that he does not have Crohn's Disease at all and that the harm he was suffering, caused by unnecessarily taking the medicine dicyclomine, ceased prior to

---

[4] An unsworn declaration may serve as an alternative to a formally attested affidavit if it is signed, dated, and states "under penalty of perjury" that the information within is true and correct. 28 U.S.C. § 1746. Although Plaintiff's motion is signed, it is not dated and does not contain "penalty of perjury" language. Accordingly, the motion cannot be considered an unsworn declaration.

the initiation of this action when Defendants stopped providing him dicyclomine. Moreover, Plaintiff's initial complaint requested relief in the form of damages from Defendant Correction Medical Services for misdiagnosing him with Crohn's Disease.

Plaintiff's objections concerning his allegations related to Crohn's Disease are the same as those he previously presented to the Court, which the Court rejected in its June 20, 2018, order. Accordingly, the Court finds that Plaintiff has offered no argument or evidence which would cause the Court to deviate from its previous holding that Plaintiffs' allegations regarding Crohn's Disease fail to satisfy the "imminent harm" exception to allow him to proceed IFP.

Plaintiff also argues that he has satisfied the imminent harm exception by alleging that he is being denied treatment for his knee. Specifically, Plaintiff states that his knee has caused him to suffer injuries on two occasions, one of which allegedly occurred in June 2017. This allegation was not present in Plaintiff's initial complaint, which was filed on March 13, 2017, and as such, the Court finds that it cannot suffice to satisfy the "imminent harm" exception. *See id.* (stating that an "imminent harm" determination should be measured at the time the prisoner files suit). As such, the Court is unpersuaded by Plaintiff's objections regarding his knee and finds that Plaintiff fails to satisfy the "imminent harm" exception regarding the same.

For the above-discussed reasons, and for the reasons discussed in the Court's order dated June 20, 2018 (ECF No. 94), the Court agrees with Judge Bryant's determination that Plaintiff's appeal of the Court's order revoking his IFP status is frivolous and would not be taken in good faith. Accordingly, the Court agrees with Judge Bryant's recommendation that Plaintiff's motion for leave to appeal IFP should be denied.

### III. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed

above, the Court finds that Plaintiff's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation. (ECF No. 99). Accordingly, Plaintiff's motion for leave to appeal IFP (ECF No. 97) is hereby **DENIED**. *See* 28 U.S.C. § 1915(a)(3). Plaintiff may renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**, this 19th day of July, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge